IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREG SMOOT,
on behalf of himself an all others similarly situated,

                    Plaintiff,                              OPINION & ORDER

          v.                                                   15-cv-424-jdp

WIESER BROTHERS GENERAL CONTRACTORS,
INC.,

                    Defendant.

---

In this wage and hour suit, plaintiff Greg Smoot brings class action and collective action claims against defendant Wieser Brothers General Contractors, Inc., alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, Wisconsin's straight time and overtime pay law, Wis. Stat. § 109.03, and Wisconsin's prevailing wage laws. The parties have reached a settlement, for which they now seek court approval. The court will certify two proposed classes, preliminarily approve the proposed settlement, approve the proposed notice to the class and settlement administration plan, and schedule a final fairness hearing.

BACKGROUND

Smoot and the other members of the proposed classes are Wisconsin residents who were employed by Wieser Brothers on or after July 8, 2012. Wieser Brothers is a Minnesota Corporation that performs general construction services throughout Minnesota and western Wisconsin.

Smoot has alleged that Wieser Brothers failed to pay proper overtime compensation to its employees, in violation of the FLSA and Wisconsin law, and that Wieser Brothers

failed to pay prevailing wages, in violation of Wisconsin law. With regard to overtime pay, Wieser Brothers paid its employees at a rate of 1.5 times their regular rate of pay for each hour of overtime that they worked. But in calculating an employee's "regular rate," Wieser Brothers excluded hazard pay (or "pit pay"), travel pay, and contributions to a profit-sharing plan. These exclusions resulted in a lower regular rate, which in turn resulted in a lower overtime rate. According to Smoot, this method of calculating overtime rates violated the FLSA and Wisconsin law. Smoot has also alleged that this method of calculating regular rates violated Wisconsin's prevailing wage law.

Wieser Brothers defended its compensation calculations on the grounds that the excluded contributions were to a "bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees." 29 U.S.C. § 207(e)(4). Because § 207(e) and Wis. Admin. Code DWD § 290.05 permitted Wieser Brothers to exclude such contributions when calculating an employee's regular rate, the company believed that it was not violating any state or federal laws. Wieser Brothers also affirmatively alleged that it had acted in good faith, reasonably believing that it was complying with the FLSA and state law.

After Smoot filed his complaint, counsel for both sides discussed the possibility of an early settlement. Wieser Brothers informally produced several documents, including employment policies, materials relating to the profit-sharing plan, audit results from the Wisconsin Department of Workforce Development, and payroll records. The parties exchanged several proposals for settlement and were able to narrow their points of disagreement. On January 12, 2016, both sides participated in a settlement conference with a magistrate judge. During the conference, the parties agreed to:

1. Two proposed settlement classes: a Federal Rule of Civil Procedure 23 "opt-out" class for the overtime claims under Wisconsin law, and an "opt-in" class for the claims under the FLSA and Wisconsin's prevailing wage law;

2. A class notice to mail to all potential class members, with a 60-day period for potential class members to opt-out of the Rule 23 class and to opt-in to the FLSA and prevailing wage class;

3. A method for calculating each member's settlement payment, depending on whether the member is part of the Rule 23 class, the FLSA and prevailing wage class, or both classes; and

4. A $30,000 payment to class counsel for attorney fees, costs, expenses, and disbursements.

Dkt. 22-1. Because payments to individual class members will vary based on the number of hours that the employee worked and on the employee's pay rate, the parties did not agree on a total dollar amount for the settlement fund, nor did they estimate each potential class member's recovery. But the parties contend that the agreed-upon formula allows class members to recover close to the full measure of damages that they could receive by filing individual suits.

The court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, because they arise under federal law, and the court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, because they are part of the same case or controversy.

ANALYSIS

The parties jointly move the court to: (1) preliminarily approve the settlement agreement; (2) certify Smoot as the class representative; (3) preliminarily certify classes for settling the class action claims and the collective action claims; (4) appoint the Previant Law Firm as class counsel; (5) approve and direct mailing of the proposed class notice; and

3

(6) schedule a final approval hearing. Dkt. 20 and Dkt. 21. The court will first address certifying the classes and then address settlement.

## A. Class certification

The parties move the court to certify a Rule 23 class and a settlement class for the FLSA and Wisconsin prevailing wage law claims. The court will address each class separately.

### 1. Rule 23 class

For the class action claims, the parties propose the following class:

> All current or former hourly field employees of Wieser, including the Named Plaintiff, who worked for Wieser in Wisconsin at any time between July 8, 2013 and January 12, 2016, and who do not opt-out of the Rule 23 Settlement Class, shall be members of the "Rule 23 Settlement Class."

Dkt. 22-1, at 3. To be certified, Rule 23(a) requires that a class satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation. The class must also satisfy one subsection of Rule 23(b). In this case, Rule 23(b)(3) applies; it requires a showing that the common issues predominate other issues, and that the class action method provides the best way to resolve those issues. *See Jefferson v. Ingersoll Int'l Inc.*, 195 F.3d 894, 898 (7th Cir. 1999) ("When substantial damages have been sought, the most appropriate approach is that of Rule 23(b)(3), because it allows notice and an opportunity to opt out."). In a settlement context, the court rigorously examines whether the class meets the requirements, in an effort to mitigate the lack of an adversarial relationship between the parties, and to identify potential conflicts of interest. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014). Thus, Smoot must go beyond his pleadings and use evidentiary proof to satisfy Rule 23. *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

### a.  Numerosity

Rule 23(a)(1) requires that the class be so numerous that joinder is impracticable. There is no explicit cut-off, but the Seventh Circuit has found classes of 40 members to be sufficient. *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969). Here, the parties indicate that there are 125 potential members for the proposed Rule 23 Settlement Class. This number is large enough to make joining all potential class members impracticable. Smoot has satisfied the numerosity requirement.

### b.  Commonality

Under Rule 23(a)(2), a class action must involve "questions of law or fact that are common to the class"; or, more accurately, common answers to those questions. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Put differently, the commonality requirement means that "determining the truth or falsity of [a] common contention will resolve an issue that is central to the validity of each claim." *Chi. Teachers Union, Local No. 1 v. Bd. of Educ. of Chi.*, 797 F.3d 426, 434 (7th Cir. 2015). In this case, all of the proposed class members were paid under the same allegedly unlawful compensation structure, and they were all underpaid for doing the same kind of work. Although the specific amount of underpayment may vary between class members, "[t]he fact that the plaintiffs might require individualized relief or not share all questions in common does not preclude certification of a class." *Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 379 (7th Cir. 2015). Indeed, the Seventh Circuit has held that cases that require resolving common questions about unlawful overtime policies qualify for class action treatment. *Id.* at 374-75.

Because the proposed class members' claims would turn on common answers to questions of law or fact, this case satisfies Rule 23(a)(2)'s commonality requirement.

### c.  Typicality

Under Rule 23(a)(3), a class representative's claims must have "the same essential characteristics" as the class members' claims. *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (citations and internal quotation marks omitted). Here, Smoot seeks appointment as the class representative, contending that his claims are based on the same questions of law and fact as the rest of the class. Smoot is a member of the proposed Rule 23 Settlement Class, and he alleges that he was injured by the same compensation policies that give rise to the class claims. Smoot satisfies the typicality requirement.

### d.  Adequacy of representation

The question of adequate representation involves two inquiries: (1) whether the class representatives' interests are aligned with those of the class; and (2) whether class counsel is capable of litigating the case. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), *as modified*, (Sept. 22, 2011). As a member of the class, Smoot has no apparent conflicts with the rest of the class; his interest in resolving the matter is the same as the class's interest. The settlement agreement allows Smoot to petition the court for a "service award," to be paid from the total amount of liquidated damages that the class members receive. This incentive does not prevent Smoot from representing the class, and the requirement that the court approve the amount of the award ensures that Smoot will not deprive the other class members of a fair recovery for their claims. Smoot is therefore an adequate representative.

The Previant Law Firm seeks appointment as class counsel. The court must consider the work that counsel did to identify or investigate the claims, counsel's experience in similar cases, counsel's knowledge of wage and hour law, and the resources that counsel will commit

to the representation. Fed. R. Civ. P. 23(g)(1)(A). The Previant Law Firm has represented Smoot since he began the case. Counsel investigated the claims, engaged in early informal discovery, and then negotiated the proposed settlement agreement. The firm's history with this case suggests that it has competently and vigorously represented the class thus far. Moreover, the Previant Law Firm has successfully handled other wage and hour class action cases in this district. *See, e.g.*, *Dexter v. Ministry Health Care*, No. 14-cv-87, 2015 WL 1326361, at *5 (W.D. Wis. Mar. 25, 2015). Thus, the court will appoint the Previant Law Firm to serve as class counsel.

### e. Rule 23(b)(3)

Smoot and the class that he represents seek monetary damages rather than equitable relief. The parties therefore contend that a Rule 23(b)(3) class is appropriate. This provision requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). To determine whether common questions predominate in this case, the court considers the class members' interests in individually controlling their own claims, the nature and extent of any other litigation about the controversy, the desirability of concentrating the litigation here, and any management challenges that the case may present. *Id.*

First, although class members have an interest in controlling their own claims, they also have an interest in the efficient resolution of their claims, which the class action and proposed settlement provide. Individually litigating each class member's claims would be expensive and time consuming. The parties have agreed to a simple formula for determining each class member's recovery, and that formula provides members with a recovery that is

7

similar to what they might win on their own. Dkt. 22-1, at 3-5. Second, there is no indication that any of the class members have other litigation related to the claims at issue in this case. Third, consolidating the issues into one case and resolving them is efficient. Fourth, and finally, the case presents no management difficulties because the parties have settled. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems.").

The goal is to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Id.* at 615 (citing Fed. R. Civ. P. 23 Advisory Committee Notes). Because consolidation of the class members' claims into a class action would accomplish that goal, a class action is the best way to proceed in this case. The court will certify the Rule 23 Settlement Class for the purpose of settlement.

### 2. FLSA and Wisconsin prevailing wage class

For the FLSA and Wisconsin prevailing wage claims, the parties propose the following class:

> All current or former hourly field employees of Wieser, including the Named Plaintiff, who have previously filed opt-in consents in the Action or who submit a Claim Form to receive a portion of the Settlement Fund, and who worked for Wieser at any time within two years preceding the date the employee opted-in or submits his or her Claim Form, shall be members of the "FLSA and Prevailing Wage Settlement Class."

Dkt. 22-1, at 3.

The court will certify this class. The Seventh Circuit has held that "despite the difference between a collective action and a class action . . . there isn't a good reason to have

8

different standards for the certification of the two different types of action, and the case law has largely merged the standards, though with some terminological differences." *Espenscheid v. DirectSat USA, LLC*, 705 F.3d 770, 772 (7th Cir. 2013). The FLSA and Wisconsin prevailing wage claims are similar to the Rule 23 claims, as is the proposed class. Thus, for essentially the same reasons that class certification is appropriate under Rule 23, the court will certify the proposed FLSA and Prevailing Wage Settlement Class for the purpose of settlement.

### B. Preliminary settlement approval

The parties seek preliminary approval of their proposed settlement. The settlement agreement provides a formula for determining each class member's damages, which include lost overtime wages, lost prevailing wages, and liquidated damages. The agreement also provides for attorney fees and costs. It lays out the procedures for notifying the class, getting final approval of the settlement, and administering it. The court will preliminarily approve the terms of the parties' settlement and their plan to administer it.

#### 1. Rule 23 settlement

At this point, the parties seek only preliminary approval of their settlement agreement. After preliminary approval, the parties will send notice to the class, provide an opportunity for objections, and attend a final fairness hearing to determine whether the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(3). To preliminarily approve the settlement, the court considers the strength of plaintiffs' case compared to the settlement amount, the complexity, length, and expense of the litigation, any opposition to settlement, the opinion of competent counsel, and the stage of the proceedings (including the amount of discovery completed) at the time of settlement. *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006).

### a. The strength of plaintiffs' case on the merits balanced against the amount offered in the settlement

The most important settlement-approval factor is "the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement." *Id.* (citations omitted). The settlement agreement provides class members with compensation that will be substantially equivalent to their alleged damages for lost wages and overtime pay. With the assistance of a magistrate judge, the parties agreed on the formula for determining damages, incorporating standards provided by the U.S. Department of Labor. *See, e.g.*, 29 C.F.R. § 778.209. Although the class members will lose some of their liquidated damages to pay class counsel and, possibly, an incentive award to Smoot, the overall settlement represents only a modest compromise from the class members' point of view. On the other side, Wieser Brothers has identified several defenses that could prevent some or all of the class members from recovering damages. Specifically, the class members' likelihood of success will turn in part on whether the shared-profit plan was a "bona fide" plan under 29 U.S.C. § 207 and Wis. Admin. Code DWD § 290.01. Wieser Brothers also has credible arguments that some or all of its payment policies complied with the relevant FLSA and state law provisions, and that the company acted in good faith. The proposed settlement mitigates the class members' risk of losing their claims because of these issues and failing to recover at all, at the expense of receiving a bit less in liquidated damages. This balance favors approving the settlement.

### b. Length, expense, and complexity of litigation

The potential length, expense, and complexity of litigating these claims through trial weigh in favor of settlement. Although litigation of these issues would not be particularly complex, prompt settlement benefits all parties by avoiding long, drawn-out litigation. It gives

the class members a meaningful amount of compensation, and it spares Wieser Brothers the cost of continuing to pay its attorneys through a trial.

### c.  Opposition

The proposed settlement provides for class member objections to the agreement, to be filed within 60 days of the notice. Dkt. 22-1, at 7. Because the members have not yet had a chance to object, court consideration of this factor is premature.

### d.  Opinion of counsel

In deciding whether to approve the settlement, the court is "entitled to give consideration to the opinion of competent counsel." *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996). Counsel in this case support the settlement. They are experienced and competent, and there is no indication of collusion. The parties represent that the settlement is the result of an arm's-length negotiation that they conducted with a magistrate judge's assistance. For the purpose of preliminarily approving the settlement, the court accepts counsel's opinion in favor of approval.

### e.  Amount of discovery and stage of proceedings

Smoot filed this case on July 5, 2015. Since then, the parties have engaged in informal discovery, created a comprehensive formula for determining settlement payments, and negotiated a settlement agreement. On April 8, 2016, the parties moved for preliminary approval of their settlement agreement. Dkt. 20. This progress represents significant time and resources and indicates that the parties have considered the merits and risks of litigating compared to settling. Accordingly, this factor weighs in favor of approval.

### 2.  FLSA and Wisconsin prevailing wage settlement

"To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010) (citations, internal quotation marks, and alterations omitted). When reviewing settlement agreements for FLSA collective actions, courts consider the following factors:

> (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Id.* at 995 (citations omitted). These factors track the considerations that the court must weigh for reviewing proposed class action settlements under Rule 23. Thus, for the same reasons that the court has approved the parties' Rule 23 settlement, the court will also approve the parties' FLSA and prevailing wage settlement.

### C.  Attorney fees and costs

As class counsel, the Previant Law Firm seeks its reasonable attorney fees and costs. The settlement agreement provides that Wieser Brothers will pay $30,000 to cover these fees and costs, and that the Previant Law Firm can seek court approval for additional fees, to be paid from the total amount of liquidated damages that the class members recover. Dkt. 22-1, at 5, 8-9. To determine whether the requested fees are reasonable, the court "must balance the competing goals of fairly compensating attorneys for their services rendered on behalf of

12

the class and of protecting the interests of the class members in the fund." *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 258 (7th Cir. 1988). The aim is "to base the award on relevant market rates and the *ex ante* risk of nonpayment." *Williams v. Rohm & Haas Pension Plan*, 658 F.3d 629, 635 (7th Cir. 2011).

Both the FLSA and Wisconsin law allow plaintiffs to recover attorney fees. *See* 29 U.S.C. § 216(b); Wis. Stat. § 103.49(6m)(ag)(5). But the problem with the proposed fee award is that the parties do not yet know how much Wieser Brothers will eventually pay the class members in damages. An award of $30,000 may be reasonable, but it may also be disproportional to the class members' ultimate recovery. "The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received." *Redman*, 768 F.3d at 630. The court will provisionally approve the proposed fee given that the parties have agreed to it as part of their settlement. But the court will defer determining a reasonable amount for attorney fees until the final fairness hearing.

**D. Class notice and settlement administration**

The parties have also moved the court to approve a proposed packet of materials to send to potential class members. The packet includes a notice to the classes, Dkt. 22-3, a "Claim Form" (i.e., an opt-in form) for the FLSA and Wisconsin prevailing wage claims, Dkt. 22-4, and an "Opt-Out Form" for the Rule 23 class action claims, Dkt. 22-5. The Previant Law Firm will be responsible for printing and mailing these notices and forms, reviewing and filing responses from class members, and reviewing and approving calculations of settlement payments to class members. Dkt. 22-1, at 7.

Rule 23(c)(2)(B) requires "the best notice that is practicable under the circumstances." It must plainly state the nature of the action, the definition of the certified class, the issues, the option for members to appear through an attorney, the option to be excluded from the class, and the binding effect of judgment on participating class members. Fed. R. Civ. P. 23(c)(2)(B). Likewise, notice of the FLSA claims must give potential class members enough information to "make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

The proposed notice describes the case and overtime wage issues in plain language. In addition to providing general language, the notice is particularized in that it provides class members with the information about how their settlement payments will be calculated. It also describes the options open to class members: for the Rule 23 class, the notice describes how to object and how to opt-out; for the FLSA and prevailing wage class, the notice describes how to opt-in. Finally, the notice warns class members that by failing to opt-out or by choosing to opt-in, they will be giving up their rights to bring their own claims against Wieser Brothers. The court will approve the proposed notice, claim form, and opt-out form.

ORDER

IT IS ORDERED that:

1. The parties' joint motion for preliminary approval of their settlement agreement, Dkt. 20, is GRANTED.

2. The Previant Law Firm is appointed class counsel and settlement administrator, and the firm is ordered to send notice to the class within 14 days of the issuance of this order.

3. Greg Smoot is appointed class representative.

14

4.  All papers in support of final settlement approval must be filed by August 4, 2016. The final fairness hearing is scheduled for August 11, 2016, at 9:00 a.m.

Entered April 28, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge